United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS TAMU WHITE,<br>　　　　Plaintiff,<br>　　v.<br>BARBIER SECURITY, et al.,<br>　　　　Defendants. | Case No. 22-cv-06025-WHO (PR)<br><br>**ORDER STAYING ACTION**<br><br>Dkt. No. 9 |

## INTRODUCTION

Plaintiff Travis Tamu White's 42 U.S.C. § 1983 complaint contains allegations against the persons involved in his arrest and the filing of criminal charges. His claims of discriminatory prosecution must be stayed until the criminal charges have been resolved.

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal

1    conclusions cast in the form of factual allegations if those conclusions cannot reasonably

2    be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55

3    (9th Cir. 1994).

4        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

5    elements:  (1) that a right secured by the Constitution or laws of the United States was

6    violated, and (2) that the alleged violation was committed by a person acting under the

7    color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

    White alleges that he faces criminal charges because of a discriminatory prosecution. He names as defendants the Marin District Attorney, the San Rafael Police Department, the San Rafael City Planner, his defense attorney Ford Greene, and Barbier Security, a private security company. (Compl., Dkt. No. 1 at 1-5.) He alleges that he was attacked by a trespasser at his public housing complex and acted to protect himself. (*Id.* at 3.) His protective acts, he alleges, gave rise to the criminal charges he faces. (*Id.*) He blames the police for hiring an inadequate private security service, Barbier Security, whose negligent actions allowed the trespasser to access his housing complex. (*Id.*)

    This suit will be stayed because the criminal charges related to his allegations of a discriminatory prosecution have not been resolved. If a plaintiff files a claim related to rulings that likely will be made in a pending or anticipated criminal trial, it is within the power of the district court, and accords with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. *Wallace v. Kate*, 549 U.S. 384, 393-94 (2007). If the plaintiff is then convicted, and if the stayed civil suit would impugn that conviction, *Heck v. Humphrey*, 512 U.S. 477 (1994), requires dismissal; otherwise, the case may proceed. *Id.* at 394.

    There are other problems with the complaint. The alleged acts of the police department, Barbier Security, and the city planner are unrelated to whether the prosecutor made the decision to file charges against him. Federal Rule of Civil Procedure 20 requires that claims be based on "the same transaction, occurrence, or series of transactions or

United States District Court
Northern District of California

1  occurrences" and pose a "question of law or fact common to all defendants."  As a result,
2  those unrelated claims will be dismissed.  And the allegations regarding security at his
3  housing complex amount to at worst negligence or gross negligence, neither of which are
4  actionable under section 1983.  *Farmer v. Brennan*, 511 U.S. 825, 835-37 & n.4 (1994);
5  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  Accordingly, the claims against the police
6  department, Barbier Security, and the city planner are DISMISSED.

7  White's claims against his defense attorney for ineffective assistance are also
8  DISMISSED.  An essential element of an action under 42 U.S.C. § 1983 is that the
9  defendant act under color of state law, and a public defender does not act under color of
10 state law when performing a lawyer's traditional functions such as entering pleas, making
11 motions, objecting at trial, cross-examining witnesses, and making closing arguments.
12 *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981).

13 White's motion for a preliminary injunction is DENIED.  (Dkt. No. 9.)

## CONCLUSION

This action is STAYED until White informs the Court, by way of a motion to reopen, that the criminal charges have been dismissed or have resulted in a conviction, or that the likelihood of a criminal case has ended.  Any motion to reopen must have the words MOTION TO REOPEN written on the first page.

The claims against the San Rafael Police Department, Barbier Security, the San Rafael City Planner, and Ford Greene are DISMISSED.  White's motion for a preliminary injunction is DENIED.  (Dkt. No. 9)

The Clerk shall terminate Dkt. No. 9, and ADMINISTRATIVELY CLOSE the file pending the stay of this action.

**IT IS SO ORDERED.**

**Dated:** March 24, 2023

_____
WILLIAM H. ORRICK
United States District Judge

3